**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-3022 |
| Plaintiff - Appellee, | D.C. No. 3:22-cr-00084-SI-1 |
| v. | |
| TONY DANIEL KLEIN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted June 10, 2025
Portland, Oregon

Before: TALLMAN, OWENS, and VANDYKE, Circuit Judges.

Tony Daniel Klein appeals from his jury conviction for willfully depriving inmates of their constitutional right to be free from cruel and unusual punishment under color of law, *see* 18 U.S.C. § 242, and committing perjury, *see* 18 U.S.C. § 1623. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. The district court did not abuse its discretion in excluding a non-witness's out-of-court statements that she planned to falsify allegations against Klein. Under Federal Rule of Evidence ("FRE") 403, the statements, which did not implicate any victims whose allegations formed the basis for Klein's charges, had low probative value in showing a false allegation scheme by the victims. And any probative value was "substantially outweighed" by the risk of "unfair prejudice, confusing the issues, [and] misleading the jury." Fed. R. Evid. 403.

Nor did this exclusion violate Klein's constitutional right to present a defense. This right is "subject to reasonable restrictions" such as "exclud[ing] or limit[ing] evidence" to avoid "undue prejudice, confusion of the issues, or misleading the jury." *Menendez v. Terhune*, 422 F.3d 1012, 1033 (9th Cir. 2005). The district court's ruling was not "arbitrary or disproportionate." *Id.* Moreover, the defense separately made jurors aware that some inmates had discussed falsifying allegations. Evidence that this particular non-witness was involved "would not have added substantially to the knowledge the jury gained." *United States v. Lopez-Alvarez*, 970 F.2d 583, 588 (9th Cir. 1992).

For the same reason, any error was harmless beyond a reasonable doubt. *See United States v. Haischer*, 780 F.3d 1277, 1281 (9th Cir. 2015).

2. Nor did the district court abuse its discretion in excluding direct examination testimony that prison staff did not see Klein act inappropriately and

thought he was "always professional."  Under FRE 404(a) and 405(a), Klein could not offer that evidence to prove he acted in conformity with his character and thus did not commit the acts alleged.  As to Klein's purportedly "non-character" purposes, *see* Fed. R. Evid. 404(b)(2), the testimony had low probative value in showing that he lacked a plan, intent, or opportunity to commit the assaults.  Given the risk that such testimony would raise a prohibited character inference, the district court correctly concluded that under FRE 403, any minimal value was significantly outweighed by the danger of misleading and confusing the jury.

Moreover, any error was harmless.  As the defense introduced substantial evidence to show the assaults could not have occurred undetected as the victims testified, "it is more probable than not that the error did not materially affect the verdict."  *United States v. Torres*, 794 F.3d 1053, 1063 (9th Cir. 2015) (citation omitted).

Klein makes no constitutional argument as to the exclusion of this evidence and thus has waived any such argument.  *See United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 335 (9th Cir. 2017).

3. The district court also acted within its "wide latitude . . . to impose reasonable limits on . . . cross examination."  *Gibbs v. Covello*, 996 F.3d 596, 603 (9th Cir. 2021) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)).  The court prohibited or restricted cross-examination as to three areas of inquiry—

victims' cooperation with law enforcement, pending charges, and court-ordered supervision—unless a witness admitted she expected to receive a benefit in exchange for her testimony. In reviewing these rulings for abuse of discretion, we consider "(1) whether the district court excluded relevant evidence; (2) whether 'there were other legitimate interests outweighing the defendant's interest in presenting the evidence'; and (3) whether the jury had 'sufficient information to assess the credibility of [each] witness.'" *United States v. Nickle*, 816 F.3d 1230, 1235 (9th Cir. 2016) (citation omitted) (alteration in original).

a. First, the district court acted within its discretion in limiting cross-examination as to two victims' status as government informants in other cases. The court reasonably assessed that whether these victims received a benefit for testifying in Klein's case was the key impeachment question. *See United States v. Larson*, 495 F.3d 1094, 1106-07 (9th Cir. 2007). Given that the cooperation involved a different subject matter, law enforcement agencies, and jurisdictions from Klein's case, a countervailing interest in avoiding juror confusion also supported the district court's ruling. Further, as the defense asked these victims about their civil settlements of similar allegations and about whether they had solicited aid from the FBI before testifying, the jury had sufficient information to assess their credibility.

b. Nor did the court abuse its discretion in similarly limiting cross-

examination as to pending charges. The court allowed the defense to cross-examine victims about the jurisdiction and classification of any such charges. Thus, the court's instructions did not violate "the right to let the jury know that [a] witness is still facing pending criminal charges." *Camitsch v. Risley*, 705 F.2d 351, 354 (9th Cir. 1983). It was reasonable to require any further inquiry to be tethered to an expected benefit. *See Michelson v. United States*, 335 U.S. 469, 482 (9th Cir. 1948) ("Arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness.").

c. The same result obtains as to supervision status. Such status was relevant. *See Davis v. Alaska*, 415 U.S. 308, 311, 316-18 (1974); *Camitsch*, 705 F.2d at 354. But given the extensive questioning as to the victims' civil settlements, any attempts to solicit aid in exchange for testifying, convictions for crimes involving dishonesty, and drug use at the time of trial, the jury had enough information to assess credibility. There was no abuse of discretion.

4. The district court's denial of any continuance past the fourteen months it had already granted also fell within its "broad discretion." *United States v. Walter-Eze*, 869 F.3d 891, 907 (9th Cir. 2017) (quoting *Morris v. Slappy*, 461 U.S. 1, 11 (1983)). The sixteen months between indictment and trial was enough time to prepare a defense. Klein had ample opportunity to develop his theory of the case at trial, and it is speculative whether the information he sought to obtain during a

continuance would have significantly aided him.  He thus fails to meet his burden

of showing prejudice.  *See United States v. Wilkes*, 662 F.3d 524, 543 (9th Cir.

2011).

**AFFIRMED.**